## CRAVEN *v.* WALKER.

Where the plaintiff in a count for slander alleged that the defendant, for the purpose of willfully injuring her fame and good name, had falsely said of her, she being an unmarried woman, that she "was not virtuous and that she had been guilty of the offense of fornication with divers persons, and adultery and fornication with" a named person, an amendment alleging that the defendant had also said that she had been guilty of unlawful sexual intercourse with another named person, and that he, the defendant, had delivered her of a child, did not set forth a new and distinct cause of action, but was merely an amplification of the case made by the original petition, and consequently related back to the filing thereof; and the petition itself having been filed in due time, the amendment, though charging the speaking of words more than twelve months before it was offered, but within that period before the filing of the original petition, was not demurrable as setting up a cause of action barred by the statute of limitations.

2. A plea in such case, filed before the petition had been amended, denying the allegation that the defendant had charged the plaintiff with committing adultery and fornication with the particular person therein referred to, and justifying as to the allegation that he had charged her generally with having committed the offense of fornication, did not relate to and become a plea of justification as to the specific charges contained in the amendment. Consequently it was incumbent on the plaintiff to prove these charges, and the court properly admitted relevant evidence offered for this purpose; nor was it erroneous to admit in this connection evidence of words spoken by the defendant after the action was

brought, in effect reiterating his charges against the plaintiff, this evidence being admissible on the question of malice.

3. It is not cause for a new trial in such case that the court "told the jury that the defendant's plea of justification filed in this case amounted to an admission and justification of the words spoken as charged in the declaration, and failed to tell the jury in his charge that this plea of justification amounted only to an admission and justification of the words as charged in the original petition and did not amount to an admission and justification of the words charged in the amendment made to the petition," it appearing that the plaintiff introduced evidence directly tending to prove the allegations of the amendment to her petition, and an examination of the entire record disclosing that the jury must have based their verdict in her favor upon the opinion they entertained of the evidence pro and con bearing upon the question of the plaintiff's chastity or unchastity, and there being no good reason for concluding that the charge above quoted misled them into the belief that they should treat the defendant's plea of justification as relating to the allegations in the amendment to the petition.

4. The present action being for physical injuries alleged to have been sustained by the plaintiff in consequence of negligence and malpractice on the part of the defendant, who was a physician, in treating her for a disease; and also for slander; and the verdict being in the plaintiff's favor for a specified sum on the first count, and another specified sum on the second count, and there being no evidence to sustain the recovery on the former, and sufficient evidence to sustain the recovery on the latter, and no error of law having been committed, the judgment is affirmed, with direction that the sum recovered for malpractice be written off from the verdict, and that the judgment entered thereon be amended accordingly, and that the costs of this writ of error be taxed against the defendant in error.

Argued June 25, — Decided August 4, 1897.

Action for damages. Before Judge Milner. Whitfield superior court. October term, 1896.

*Shumate & Maddox*, for plaintiff in error.
*Jones & Martin*, contra.

COBB, J. Eliza Walker brought suit for damages against Craven. Her petition contained two counts. In one it was alleged, that the defendant held himself out to the world as a skillful physician and surgeon, and that she engaged him to treat her for an injury, which he treated so negligently and in such an unskillful manner that permanent lameness resulted. In the other count it was alleged, that defendant "charged in the hearing of divers persons" that plaintiff was unchaste, and that she had been guilty of the offense of fornication with

various persons, and of the offense of adultery and fornication with a person named in the petition. In his answer the defendant denied the allegations as to malpractice, and also denied that he had ever charged the plaintiff with having been guilty of unlawful sexual intercourse with the person named; and entered a plea of justification as to the other charges in the petition. After the plea of justification was filed, the plaintiff amended her petition by alleging that defendant had also said that she had been guilty of unlawful sexual intercourse with another named person, and that defendant had delivered her of a child. There was a demurrer to the amendment, on the ground that it added a new cause of action; that the words complained of were uttered more than one year before the amendment was filed, and that any cause of action thereon was barred. The jury returned a verdict for one hundred dollars on the count for malpractice, and nine hundred dollars on the count for slander. The court overruled a motion for a new trial, filed by the defendant, and he excepted.

1. The words alleged in the original petition amounted to a charge of general unchastity against the plaintiff, as well as a specific charge of adultery and fornication with a named person. Her cause of action was, that defendant had damaged her by words affecting her character for chastity. This being true, an amendment which alleged that the defendant had uttered words of similar import was allowable. Such an amendment did not set forth any new cause of action; it merely amplified the case made by the original petition; and it alleged in substance the same injury as originally complained of. When allowed it related back to the time of filing the original petition, and that not being barred, the amendment was not barred. There was no error in allowing the amendment, nor in overruling the demurrer of the defendant to the same. *Hines* v. *Rutherford*, 67 *Ga.* 606; *South Carolina R. R. Co.* v. *Nix*, 68 *Ga.* 572; *Poullain* v. *Poullain*, 76 *Ga.* 422; *Augusta Railway Co.* v. *Andrews*, 92 *Ga.* 707.

2. The plea of justification filed to the original petition could not, of course, be more than an admission of the words

charged therein, and in no event could such plea be held to be a justification of words set forth in an amendment filed after such plea was filed. It was therefore incumbent on the plaintiff to establish the allegations of the amendment, and the court properly admitted evidence for this purpose. Nor was there error in admitting evidence that, after the suit was filed, defendant had spoken words concerning plaintiff, slanderous in their nature and similar to the words charged in the pleadings. This evidence was admissible to show malice, but for no other purpose. *Adkins* v. *Williams,* 23 *Ga.* 222; 2 Greenleaf, § 418.

3. The court charged the jury that the defendant's plea of justification amounted to an admission of the words charged in the declaration, and failed to instruct them in terms that the plea did not amount to an admission of the specific words set forth in the amendment. Abstractly considered, this was error; but we do not think, in the light of the entire record, the instruction could have misled the jury. The fact that the plaintiff offered evidence to prove the allegations of the amendment would alone be sufficient to show the jury that the court did not, by the instruction referred to, intend to say that the averments in the amendment were admitted as true.

4. The evidence failed entirely to sustain the allegations in the count for malpractice. The evidence on the other branch of the case, while directly conflicting, was sufficient to authorize the verdict. The judgment is affirmed, with direction that the sum recovered for malpractice be written off from the verdict, that the judgment be amended accordingly, and that the costs of this writ of error be taxed against the defendant in error.

*Judgment affirmed, with direction. All the Justices concurring.*