## TATE *et al.*, executors, *v.* CHANDLER.

A testator, after providing in his will various sources of income for the support of his wife, gave to her during life or widowhood a described tract of land. The will then provided that, if the wife so elected, the land should be sold and the interest or profits derivable from the proceeds of the sale should be used for her support, and that if such interest or profits were not sufficient for her ample support and maintenance during her natural life or widowhood, " so much of the principal shall be used as will insure a handsome support." *Held*, that the fee in the land was charged with the support of the wife ; and if the income provided by the will from other sources was not sufficient to maintain her in a manner suited to her condition in life, the land was, at her election, subject to be sold for the purpose of providing her with a support, and if the interest or profits derived from the proceeds of the sale were not sufficient for that purpose, so much of the principal as was necessary from time to time to make up the deficiency should be used.

Submitted March 1, — Decided April 30, 1902.

Complaint.   Before Judge Proffitt.   City court of Elberton. March 1, 1901.

*I. C. VanDuzer*, for plaintiff in error.   *J. N. Worley*, contra.

COBB, J.   While the bill of exceptions in the present case assigns error upon different rulings made in the trial of the case, the main and controlling question is to be settled by the determination

of what is the proper construction to be placed upon certain items of a will. As counsel for plaintiff in error argues in his brief only this question, all of the assignments of error which do not relate to the proper construction to be placed upon the will will be treated as having been abandoned. No question is made as to the jurisdiction of the court, or as to whether the proper parties were before the court, or as to the form of the action, and the case will be dealt with as if the proper proceeding had been instituted in the proper forum and by the proper parties.

The first item of the will of Asa Chandler gave to his wife, Mattie J. Chandler, an estate during life or widowhood in certain described land. In several other items of his will the testator made provision for an income for his wife out of specified portions of his estate during her life or widowhood. Item 14 was in the following language: "It is my will and desire that if my wife, Mattie J. Chandler, so elect, that my executors above named shall sell all of the land given to my wife, Mattie J., in item 1st, and invest the same in such other property or securities as my said executors may think best for the benefit of my said wife; my said wife to have. and use the interest or profits of said fund or other property taken in lieu of the property sold for her support; and if the interest on said fund or profits of said property should prove insufficient for her ample support and maintenance during her natural life or widowhood, then it is my will that so much of the principal shall be used as will insure a handsome support." Did this item of the will constitute a charge in favor of the wife for her support and maintenance on the land described in the 1st item of the will? It is manifest from the provisions of the will that the wife of the testator was the primary object of his bounty. He had provided various sources from which an income for her support was to be derived; and he gave to her during life or widowhood an estate in the land described in item 1. Doubtless the testator thought he had by these sources provided for his wife an "ample" and a "handsome" support. But in his solicitude that she should not be in want during her old age he makes, in the very last item of his will, the provision quoted above. The welfare and comfort of his wife was the first and last thought of the testator. An intention to charge land with the support of a legatee may be inferred from slight language. 1 Under. Wills, § 402, p. 550. That the testator intended by the

14th item of his will to create a charge upon the land for the support of his wife seems not to admit of question. He had given her the land absolutely during life or widowhood, and then provided that, if his wife *so elected,* his executors should sell the land and invest the proceeds for the benefit of the wife, she to use the interest or profits from such proceeds in lieu of the land; and if such interest or profits was insufficient for her support, then she should have a right to use so much of the principal as was necessary to insure her "a handsome" support. Construing the other provisions of the will in connection with item 14, it seems to be clear that if the other sources of income provided by the testator were insufficient to provide for the wife an "ample" support, and if she elected to have the land sold, the executors were absolutely required to sell the land and invest the proceeds for her benefit. And if the income or profits arising from such proceeds were not sufficient for her support, she had a right to call on the executors for so much of the principal as was necessary to make up the deficiency. Such a charge as is created by this item of the will is a lien on the land. Civil Code, § 3067; 1 Under. Wills, § 403. And if the executors refused to sell the land on the application of the wife, a court having jurisdiction of the subject-matter could in the proper form of action brought by the proper parties, if sufficient facts appeared, make a decree ordering the land to be sold and the proceeds invested in accordance with the provisions of the will; or if money had already been expended by the wife for her support, or a debt contracted for this purpose, then the court might enter up a judgment for the amount of this money or debt, with a decree that it be satisfied by a sale of the land. This seems to us to be the undoubted construction of the will involved in the present case, and it results from what has been said that the judgment of the court below must be affirmed. See generally, upon the subject of charges upon land for the support and maintenance of a legatee, Page, Wills, § 748 et seq.; 19 Am. & Eng. Enc. L. (2d ed.) 1360; *Hunter* v. *Stembridge,* 12 *Ga.* 192; *Hart* v. *Hart,* 81 *Ga.* 785; *Bell* v. *Watkins,* 104 *Ga.* 345.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*