JONES v. BUSH.

1. To charge one with having stolen the land of another is not actionable without alleging special damage.

2. In an action of slander, where the alleged defamatory words charged the plaintiff with having stolen the land of another, the petition is not amendable by striking the subject-matter of the alleged larceny and leav-

ing the spoken words as charging the plaintiff with having stolen. (Fish, C. J., and Lumpkin, J., dissent.)

3. To charge a physician with having stolen the land of a certain person is not a charge made on another in reference to his profession, so as to be actionable without an allegation of special damage.

Argued February 14,—Decided August 19, 1908.

Slander. Before Judge Spence. Mitchell superior court. March 7, 1907.

*Pope & Bennet,* for plaintiff in error. *Bennet & Cox,* contra.

BECK, J. 1. The action was for slander. The alleged slanderous words were: "Haven't you heard about Dr. Bush [meaning petitioner] going out here and stealing the widow Kierce's lands?" meaning thereby that petitioner had stolen the lands of Mrs. Kierce. It was also alleged that at the same time and place the defendant used of and concerning petitioner the following: "Well, it is true. I can prove it; it is on record here in the Farmers Bank. Come and go with me over there [meaning over to the Farmers Bank], and I will prove it to you," meaning thereby, if the person to whom the words were spoken would go with him to the Farmers Bank, he would prove that petitioner had stolen the lands of Mrs. Kierce and had committed the offense of larceny. It was alleged that the plaintiff was a physician, and that these words were maliciously spoken of him to injure him in his practice as a physician. No special damage was claimed. A demurrer was filed, on the ground that the words were not actionable without special damage being alleged; whereupon the plaintiff offered to amend by striking out the words "the lands of Mrs. Kierce" wherever they occurred. The amendment was allowed over objection that its effect was to state a new cause of action. The demurrer was overruled; and exceptions were taken to this judgment and to the allowance of the amendment.

Slander consists, (1) in imputing to another a crime punishable by law, (2) charging one with having some contagious disorder, or being guilty of some debasing act which may exclude him from society, (3) in charges made on another in reference to his trade, office, or profession, calculated to injure him therein, or (4) any disparaging words productive of special damage flowing naturally therefrom. In the latter case, the special damage is essential to support the action; in the three former, damage is inferred. Civil Code, § 3837. There is no such crime as the larceny of land, and

the alleged spoken words can not be embraced in any of the other classes which our code declares to be actionable without showing special damage. No special damage was alleged, and for this reason the alleged spoken words, though disparaging in their tenor, are not actionable. The petition was subject to general demurrer.

The plaintiff sought to avoid a dismissal of his petition, by striking out the words which referred to the subject-matter of the larceny, viz., the land of Mrs. Kierce,—leaving words imputing a crime and actionable per se. The court allowed the amendment, against the defendant's objection that the effect of striking the words was to allege a new and distinct cause of action. The mere fact that a petition is open to general demurrer does not necessarily preclude its amendment. The allegations of such petition may be amplified or added to if it contains a well-defined basis of a cause of action. For instance, this petition may have been amended by an allegation of special damage. But a petition which alleges that certain disparaging words were used, and no special damage is claimed, can not be vitalized by lopping off some of the words so that what is left imputes a crime. The basis of the plaintiff's case was disparaging words; he could build thereon by alleging matter which would make such words actionable. To completely alter their import by sheer curtailment changes the basis of the plaintiff's cause of action as alleged, and introduces an entirely distinct cause of action. The difference between the petition before and after its amendment was as radical as if entirely different words were substituted. Where a petition for slander states a cause of action, the words as alleged may be varied by amendment, so long as their substance is not changed. So far as relates to other words of the same character, or imputing the same crime as that already charged in the petition, the plaintiff may amend. The cause of action is the same; the effect of the words is the same, and the amendment only serves to relieve the plaintiff of the consequences of a variance. Thus it has been held that a petition alleging words directly charging a particular forgery may be amended by the substitution of other words charging the same forgery. *Hawks* v. *Patton,* 18 *Ga.* 52 (63 Am. D. 266); see also *Craven* v. *Walker,* 101 *Ga.* 845 (29 S. E. 152). In these cases there was no departure from the original charge; the amendment still clung to the original basis of the action. In the pres-

ent case the amendment converts the disparaging words, which are not actionable per se, into words which impute a crime, which are actionable of themselves.

It may be added, although it is stated in the petition that the spoken words were intended to injure the plaintiff in the practice of his profession, that the alleged charge of stealing land had no reference to, nor did they concern, the plaintiff's profession as a practicing physician, and therefore were not actionable without alleging special damage. The court erred in allowing the amendment and refusing to dismiss the petition.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Lumpkin, J., who dissent.*

LUMPKIN, J. The fact that a petition may be subject to a general demurrer as it stands does not necessarily prevent its being amendable. *Ellison* v. *Georgia R. Co.,* 87 *Ga.* 691 (13 S. E. 809). In a suit for slander, where the petition merely alleged that the defendant had spoken certain words of the plaintiff, but did not allege that they were spoken in the presence of any person, it was certainly subject to general demurrer, and it failed, as it stood, to set out a cause of action; but it was held to be amendable by alleging that they were spoken in the presence of a named person. *Wolfe* v. *Israel,* 102 *Ga.* 772 (29 S. E. 935). It would be incompetent to add by amendment a distinct and separate cause of action, or to add words spoken at a different time, or a distinct and different publication of a libel. *Colvard* v. *Black,* 110 *Ga.* 642 (36 S. E. 80) ; *Central Ry. Co.* v. *Sheftall,* 118 *Ga.* 865 (45 S. E. 687). But in the case at bar, the amendment did not refer to a different occasion or conversation from that referred to in the petition, but merely varied the allegation as to the words used in the same conversation and of the same general character. It was alleged in the petition, that on a given occasion, in the presence of others, and in a conversation with a named person, the defendant said: "Haven't you heard about Dr. Bush [the petitioner] going out here and stealing the widow Kierce's land?" and also stated that he could prove it, "meaning thereby, he would prove that petitioner had stolen the lands of Mrs. Kierce, and had committed the offense of larceny." The amendment merely struck the words, "the lands of Mrs. Kierce," and added after the expression, "in conversation with," the words, "and in the presence of." Thus

in the petition and the amendment there was the same occasion, the same conversation, the same statement therein in part, and the same innuendo, to wit, an intention to charge him with having committed the offense of larceny. The only difference was a varying of the words alleged to have been then spoken, by striking a part of them. In other words, the amendment amounts to asserting in effect that the pleader had inaccurately copied the statement actually made, by adding words which did not in fact form a part of the sentence uttered, and by striking the erroneously added words. This was not said in terms, but such is the effect of the amendment. This was permissible. The case is practically controlled by the decisions in *Hawks* v. *Patton,* 18 *Ga.* 52 (63 Am. D. 266), and *Craven* v. *Walker,* 101 *Ga.* 845, 847 (29 S. E. 152). In the case of *Hawks* v. *Patton,* it appears from the record on file that the words alleged in the original petition were: "Matthew J. Patton forged a promissory note on Isaac Sterling and traded it to me." The amendment struck out these words, and inserted in lieu of them the following: "Speaking of a note which said Wm. H. Hawks, in a conversation with William H. Everett and James G. Thomas, said he had obtained from your petitioner on one Isaac Sterling, and alluding to a charge prevalent against one Allen Gooldsby of forging notes, he said: 'Gooldsby [meaning said Allen] is no worse than some of his kin [meaning petitioner]. I believe it is a forged note,' meaning the note aforesaid, and meaning thereby to charge your petitioner with the crime of forgery." The amendment was allowed, and the judgment was affirmed. In the case of *Craven* v. *Walker,* supra, the words alleged in the original petition to have been spoken were that the plaintiff, a woman, "was not virtuous, and that she had been guilty of the offense of fornication with divers persons, and adultery and fornication with" a named person. The amendment alleged that the defendant had also said that she had been guilty of unlawful sexual intercourse with another named person, and that he, the defendant, had delivered her of a child. It was held that this did not add a new cause of action. See also Civil Code, §§ 5097, 5098; *Eagle and Phenix Mills* v. *Muscogee Mfg. Co.,* 129 *Ga.* 712, 716 (59 S. E. 804).

I am authorized to say that Chief Justice Fish concurs in the views here expressed.