### 3462. MAXWELL & Co, v. RICE, trustee.

RUSSELL, J. 1. The court erred in sustaining the general demurrer and dismissing the petition. By the trust deed attached to the petition two trust estates were created, the one a life-estate in trust for the benefit of W. R. Rice, cestui que trust, and the other an estate in remainder for the benefit of the other cestuis que trustent, the children of W. R. Rice. While the estate in remainder is not liable for the debts sought to be recovered in this action, the life-estate held in trust for the benefit of W. R. Rice may, under the allegations of the petition as amended, be liable to be subjected to the payment of the plaintiff's demand.

2. The cause of action asserted by the plaintiff is enforceable in a court of law, and, so far as appears from the petition, the city court of Elberton had jurisdiction of the subject-matter.

*Judgment reversed.*

DECIDED JANUARY 15, 1912.

Complaint; from city court of Elberton—Judge Grogan. May 11, 1911.

Suit was brought in the city court against C. A. Rice, as trustee for W. R. Rice and the children of W. R. Rice, upon an account for provisions, clothing, plows, guano, etc. The petition was dismissed on demurrer, on the grounds that no cause of action was stated, and that the claim was not enforceable in a court of law. The petition alleges, that C. A. Rice, as trustee for W. R. Rice and the children of W. R. Rice, holds a described tract of land, under a trust deed, a copy of which is annexed to the petition; that by the terms of the deed the trust estate is chargeable with the support and maintenance of all the beneficiaries named therein; that by virtue of the terms of the deed, W. R. Rice, life-tenant, had the right, with the consent of the trustee, to take charge of and use the said land, for his benefit and support and the benefit and support of the other beneficiaries, who were his children; that while he was in possession of the land, with the consent of the trustee, and using it for the support of himself and his family, during the year 1910, the plaintiffs furnished to him, for the benefit of himself and his children, the articles itemized in the annexed bill of particulars; that all the goods so furnished said trust estate were necessaries for the support, maintenance, and comfort of the beneficiaries, and were also necessaries furnished them for the purpose of making a crop on said land for that year; that afterwards, before maturity of the crops planted by W. R. Rice and his children thereon, and before paying to the plaintiffs any part of their debt for the supplies so furnished, the said trustee, in June, 1910, by virtue of an arrangement between W. R. Rice and himself, took possession of the said premises and the crops growing thereon, and W. R. Rice moved away, leaving his children behind; that the said trustee received the proceeds of the crops grown on the trust-estate land, into the production of which the goods, provisions, and merchandise furnished by the plaintiffs entered, and still holds the same as a part of the trust property belonging to the beneficiaries; that in law and equity, as well as by the provisions of the deed of trust under which the said trustee holds said estate, the plaintiffs are entitled to be paid their debt out of any of the property in the hands of said trustee; that they have made demand upon the said trustee for payment of said debt, since it became due, and he refuses to pay it. They pray judgment against said trustee for the amount of the debt, and that the judgment be declared to be a special charge and

lien upon the trust land described, as well as on the proceeds from it in the hands of the trustee, and on any other property held by said trustee and belonging to the said beneficiaries.

By amendment the petition alleges, that the cestuis que trustent under the trust deed are W. R. Rice, father, and certain children named, of whom four designated are under the age of 21 years; that the trust estate of the said beneficiaries consists of the land described in the said trust deed, which is of the value of $2,000; that the land is suitable only for agricultural purposes, and yields an annual income of some $150 to $200; that the annual income from the trust property is insufficient to maintain and support all the beneficiaries interested therein, and an encroachment upon the corpus thereof is necessary and proper in order to pay the debt of the plaintiffs ($299.13) ; and that the amount and character of the goods and articles furnished by the plaintiffs for the benefit and use of the said beneficiaries were necessary and suitable to the condition in life of the said cestuis que trustent, and were such articles and things as supplied the actual wants and necessities of said persons.

The deed referred to in the petition began by stating the purpose of the grantor to dispose of the land described in it for the benefit of his son, W. R. Rice, the said son being (for reasons stated in terms of the Civil Code of 1910, § 3729) unfit to be entrusted with the right and management of the property, and his children being minors. It proceeded as follows: "For the above reason I do now create Charles A. Rice as trustee for the said W. R. Rice, as to the life-estate hereinafter created for the benefit of W. R. Rice, and trustee for the benefit of the children of the said W. R. Rice now living, and such as may hereafter be born to the said W. R. Rice in lawful wedlock, with powers as follows: (a) The said trustee is hereby directed to manage and control fully the life-estate created for W. R. Rice and the remainder estates created for the children of the said W. R. Rice. (b) The said trustee shall be empowered to sell the tract of land hereinafter described and by deed convey the same to the purchaser thereof, which deed shall convey to the purchaser both the life-estate of the said W. R. Rice and the remainder estates of his children. . . (f) The trustee is further empowered to place said land in the hands of said W. R. Rice, if such trustee should think proper to do so, to be used by him during his lifetime, for the use of himself and his family, without

requiring from the said W. R. Rice a statement or return of the proceeds of said land, and the said trustee is hereby relieved [from] any returns or statements to any court, or to any person or persons, of the rents, profits, and proceeds of said land, it being intended that such rents, profits and proceeds shall be used by said W. R. Rice and his family; and is hereby directed that at the death of said W. R. Rice he take charge of, hold, and manage the said land, for the benefit and use of said minor children until the youngest shall become of age, at which time he is directed to divide said land equally between said children, either in kind, or by sale and division of the money. (*g*) The said trustee is further empowered, in case it should become necessary, to sell and dispose of all the property herein conveyed to him, and to use the corpus or any parts thereof, as may be necessary, for the maintenance and support of the said W. R. Rice and his family during his lifetime, the remainder, if any, to be paid over to the children of said W. R. Rice as above stated. . . (*i*) Said trustee is appointed and the trust herein created shall be executed for and during the life of W. R. Rice and during the minority of the children of said W. R. Rice, as above stated, and said trustee shall exercise the rights and privileges herein conferred during such period of time. . . Therefore, the premises considered, . . I hereby grant, bargain, sell, and convey unto the said Charles A. Rice, as trustee for said W. R. Rice, as set forth in the foregoing preamble," the land described, to have and hold the said premises as trustee as aforesaid.

*C. P. Harris,* for plaintiffs, cited: Civil Code (1910), §§ 3786 et seq., 3771; *Greenfield* v. *Vason,* 74 *Ga.* 126; *Maxwell* v. *Hoppie,* 70 *Ga.* 152; *Bell* v. *Watkins,* 104 *Ga.* 345; *Tate* v. *Chandler,* 115 *Ga.* 462-4; *Moore* v. *Lumpkin,* 63 *Ga.* 748-51; *Kupferman* v. *McGee,* 63 *Ga.* 250-7; *Ragan* v. *Standard Scale Co.,* 123 *Ga.* 14; *Roberts* v. *Tift,* 60 *Ga.* 571.

*Worley & Nall,* for defendant, cited: *Clinch* v. *Ferril,* 48 *Ga.* 366; *Satterwhite* v. *Beall,* 28 *Ga.* 525; *Saunders* v. *Houston Guano Co.,* 107 *Ga.* 57; *Mitchell* v. *Simpson Grocery Co.,* 114 *Ga.* 200; *Johnston* v. *Redd,* 59 *Ga.* 621; *Cruger* v. *Coleman,* 75 *Ga.* 695; *Thomas* v. *Crawford,* 57 *Ga.* 212.