22773. BARNETT *v.* POPE.

STEPHENS, J. 1. Where a judgment of the trial court overruling a demurrer to a petition is reversed by the Court of Appeals upon the ground that the trial court erred in not sustaining the general demurrer to the petition and in not dismissing the petition, a judgment of the trial court putting into effect the judgment of the Court of Appeals, which recites that "the judgment of this court having been reversed, it is

ordered that the judgment of the Court of Appeals be and it is hereby made the judgment of this court," is in effect a final judgment sustaining the general demurrer and dismissing the petition. Where, before the judgment of the Court of Appeals was made the judgment of the trial court, the plaintiff presented an amendment to the petition, which was disallowed, a bill of exceptions, wherein the judgment disallowing the amendment and the judgment making the judgment of the Court of Appeals the judgment of the trial court were excepted to, contained an exception to a final judgment, and was not prematurely brought to the appellate court.

2. Where a petition in a suit for damages for a breach of a contract alleges that the defendant agreed to purchase from the plaintiff a designated quantity of timber, which the purchaser agreed to cut and pay for when it should be sawed and stacked, and that the defendant cut only a part of the timber and paid to the plaintiff only a part of the purchase-money, and alleges that the plaintiff's damage is in a sum equal to the balance due under the contract, an amendment to the petition, which does not allege another contract or another act of the defendant as constituting a breach of contract, but which merely alleges that the plaintiff's damage for the alleged breach of the contract is in a sum equal to the difference between the contract price and the value of the timber not cut, is not an amendment setting out a new cause of action; and the court erred in disallowing the amendment upon the ground that it set out a new cause of action.

3. The petition alleges such part performance of the contract, which was for the sale of personalty, as takes the contract without the statute of frauds. *Pope* v. *Barnett*, 45 *Ga. App.* 59 (163 S. E. 517).

4. The petition, with the proffered amendment, set out a cause of action, and the court erred in rejecting the proffered amendment and in sustaining the general demurrer to the petition.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 5, 1933.

*Clément E. Sutton,* for plaintiff. *W. A. Slaton,* for defendant.

