24204. POPE *v.* BARNETT.

SUTTON, J. This litigation has been before this court on two previous occasions, the writs of error in each instance being sued out to review judgments passing upon demurrers to the pleadings. *Pope* v. *Barnett*, 45 *Ga.*

*App.* 59 (163 S. E. 517); *Barnett* v. *Pope*, 47 *Ga. App.* 428 (170 S. E. 710). A trial of the issues raised by the pleadings resulted in a verdict in the plaintiff's favor for $800. The bill of exceptions in this case assigns error upon the overruling of the defendant's motion for a new trial, and upon certain exceptions pendente lite filed by the defendant to the judgment overruling his demurrers, general and special, to the plaintiff's petition as amended.

1. Allegations in the plaintiff's petition that she put the defendant in full possession of the entire tract·of land on which the merchantable saw-timber was·located, and that the defendant cut therefrom the good timber and left standing the poorer grades of timber, whereas, under the oral contract sued on (see 45 *Ga. App.* 59), the defendant was to cut all the merchantable saw-timber on the plaintiff's lands, described in the contract, such part performance on the defendant's part being relied on by the plaintiff to take the contract out of the operation of the statute of frauds (Civil Code, § 3222, par. 4, 7), were not subject to demurrer on the ground that the plaintiff did not allege what particular parts of the entire tract of land the defendant took possession of, what particular parts of the land remained in the plaintiff's possession, what particular body of timber was taken possession of by the defendant, and what particular body of timber was not taken possession of by him, and that the allegations of the petition that the plaintiff put the defendant in possession of the entire tract whereon merchantable saw-timber was located, from which he cut the good timber and left standing the poor timber, contrary to his oral contract, were allegations of fact, and not conclusions.

(a) The fact that it developed upon the trial of the case, from the evidence, that the land of the plaintiff was divided into three or four distinct tracts of timber, each separated from the other by streams, cultivated lands, and roads, can not be considered in passing upon the correctness of the ruling of the trial judge in overruling the above demurrer. There was nothing in the plaintiff's petition (which alone can be considered in passing upon a demurrer thereto) that would suggest that the plaintiff put the defendant into possession of a particular portion of her lands on which merchantable saw-timber stood, but the allegation was, on the contrary, that the plaintiff put the defendant in possession of the entire tract of land on which there was merchantable saw-timber standing.

2. Plaintiff, having alleged that she put the defendant in possession of all the land on which there was merchantable saw-timber, and there being nothing in the petition to intimate.that there were separate distinct tracts of timber on plaintiff's lands, would not be required to amend her petition to meet a special demurrer calling upon her to set forth whether the entire tract of 328 acres was covered with timber, or was partly in timber and partly in cultivated land, whether the timber on the land was in one body or in separate bodies, each separated from the other, whether the defendant took actual physical possession of all the land or only that part which he actually cut, or what particular part of the land he took possession of, and by what acts the defendant is alleged to have taken possession of any of said land or timber. This constituted a matter of defense, for the defendant to set up by way of

answer to the petition. The plaintiff alleges that she put the defendant in possession of the entire tract of land on which there was merchantable timber. If this allegation is not true, the defendant should deny the same, and set up that the plaintiff did not put him in possession of all her land on which there was merchantable saw-timber, but that her land was divided up into separate timber tracts, and he went into possession of only one of these tracts and cut the timber therefrom. It is the object of a demurrer to deal with the sufficiency of the allegations actually made. Beyond this it can not properly go. *Constitution Publishing Co. v. Stegall*, 97 *Ga.* 405 (24 S. E. 33); *Clarke* v. *East Atlanta Land Co.*, 113 *Ga.* 21 (38 S. E. 323); *Hicks* v. *Beacham*, 131 *Ga.* 89 (62 S. E. 45). A special demurrer may be directed towards defects in form and in substance, pointing out with particularity the defect in the petition, and if such demurrer is good, the plaintiff will be required to amend the petition to meet the demurrer. A defendant is entitled to have the case against him plainly, fully, and distinctly set forth in the petition, so that he may properly prepare his defense thereto; but where a plaintiff alleges one state of facts as the truth, it is not the object of a special demurrer to show the untruthfulness of this state of facts by requiring the plaintiff to allege differently. This is a matter of defense, which can only be properly raised by a proper plea or answer to the petition.

( a ) That it appeared upon the trial from the evidence adduced that timber was growing only on part of the plaintiff's land, in four separate bodies, and that the plaintiff and her tenants were continuously in possession of such parts of the land, does not render erroneous the ruling of the trial judge overruling this ground of special demurrer.

3. The parol contract between the plaintiff and the defendant whereby the defendant agreed to cut the timber suitable for lumber upon a certain tract of land belonging to the plaintiff, and to pay her $6 per thousand feet when cut, was an entire executory contract, involving the sale of personalty, and the fact that the timber was so situated upon the plaintiff's lands as to be in two or more separate and distinct bodies, and that the defendant cut and took therefrom all the timber from one of the bodies of timber, leaving uncut the timber on the remaining bodies, does not render the contract a divisable one. The contract makes no mention of any bodies of timber, but under it the plaintiff gave.to the defendant the right to cut all the timber suitable for sawmill purposes on her entire tract of land for $6 a thousand feet.

4. The fact that the defendant cut only the timber on one of these bodies, and did not cut any of the timber on the other bodies, does not necessarily prevent the plaintiff from urging, in response to the contention of the defendant that the contract sued on was a parol executory contract for the sale of goods, wares, and merchandise exceeding $50, and therefore void and unenforceable against him, the part performance of the contract by the defendant. The contract was entire, and when the defendant cut any of the timber from the plaintiff's lands thereunder he partly performed this contract.

5. It can not be seriously urged that the failure of the defendant to cut all the timber on the lands of the plaintiff did not tend to injure the value of the timber remaining on the plaintiff's lands for sawmill pur-

poses. Under the plaintiff's contentions, and such contentions are supported by evidence, the timber on the plaintiff's lands consisted of the highest and lowest grades of sawmill timber, and the defendant cut all of the highest and best grade of timber from the plaintiff's lands and left standing all of the lowest and poorest grade of timber, which lessened the market value thereof because it was only by selling all of the available sawmill timber at one time that a fair market price could be obtained for the poorer grades of timber.

6. This case is not one for application of the statute of frauds to the contract involved. The contract was for the sale of goods worth more than $50 (see Civil Code, § 3222, subsec. 7). However, there was a delivery of the timber sold and acceptance thereof by the defendant's taking possession, cutting, and paying for a part thereof; and there was part performance by the defendant and acceptance thereof by the plaintiff in accordance with the contract, and it was such a part performance as would render it a fraud for the defendant to refuse to completely perform, in that he cut all of the best timber on the plaintiff's lands and refused to cut the poorest grade of timber, as he agreed to do. Civil Code, § 3223, par. 2, 3. Moreover, it has been settled that the contract here involved was removed from the operation of the statute of frauds, by part performance. 45 Ga. App. 59 (6), 47 Ga. App. 428 (3), supra.

7. There is no merit in the contention of the defendant that he was never given possession of all the timber belonging to the plaintiff and sold to him under the contract involved, because the timber was divided into separate bodies and he only went into possession of one of the bodies and cut the timber therefrom. The defendant had possession of all the timber, placed his sawmill upon the plaintiff's lands, and, when he had cut some 212,000 feet of the best timber, moved his mill and failed and refused to cut the remaining timber, it being of the poorer and lower grades.

8. The defendant's contention that the action is now barred by the statute of limitations because the amendment set up a new cause of action is without merit. It is true that the statute will run in favor of a defendant until the time of the filing of an amendment setting up a new cause of action. Bentley v. Crummney, 119 Ga. 911 (47 S. E. 209). However, it was adjudicated in this case, when it was before this court the last time, that the amendment referred to did not set up a new cause of action. Barnett v. Pope, 47 Ga. 428. Therefore the amendment relates back to the filing of the original petition. Roberts v. Leak, 108 Ga. 806 (33 S. E. 995); Craven v. Walker, 101 Ga. 845 (29 S. E. 152).

9 The defendant can not escape liability because of the refusal of the plaintiff, even before the beginning of the performance of the oral contract sued on, to execute a written contract embracing, in addition to the terms of this oral contract, other terms proffered to her by the defendant. It developed on the trial of this case that when it was reported to the defendant that the plaintiff refused to sign the written contract because it called for the cutting of certain trees in the plaintiff's yard which she did not intend to sell the defendant and which were not embraced in the terms of the oral agreement sued on, the defendant then immediately entered upon the plaintiff's land with his sawmill and began to cut the timber thereon.

10. The evidence authorized the verdict in the plaintiff's favor. Under the rulings above made, the trial judge did not err in overruling the defendant's demurrer to the petition as amended, and did not err in charging the jury as set out in the motion for a new trial. It therefore follows that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 24, 1934.

*W. A. Slaton,* for plaintiff in error. *C. E. Sutton,* contra.