### 21200. KLIAS v. CONLEY.

QUILLIAN, Justice. 1. Where, as here, uncontradicted evidence shows that all pine timber growing on a tract of land was sold prior to the execution of a deed which created a remainder interest in the plaintiff, and the evidence further shows without question that the plaintiff had knowledge of the sale, the re-

mainderman took no interest in that timber, and could not complain of waste because of the cutting and removal of that timber. It follows that the trial court erred in enjoining the cutting of merchantable timber and timber products.

2. As to the validity of the contract, see *Clarke Bros. v. Mc-Natt,* 132 Ga. 610 (64 S. E. 795, 26 L.R.A. (NS) 585); *Obear v. First National Bank,* 97 Ga. 587 (25 S. E. 335, 33 L.R.A. 384); *Pope v. Barnett,* 50 Ga. App. 199 (177 S. E. 358).

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 13, 1961—DECIDED MAY 22, 1961.

*Edwin L. Sterne, Louis A. Peacock,* for plaintiff in error.
*Lippitt & Lippitt,* contra.

Rosa Klias Conley brought an equitable petition, charging M. A. Klias with waste in cutting merchantable timber products from land which the defendant held as a life tenant and in which the plaintiff owned the remainder interest.

The defendant in February, 1959, executed a deed, which does not appear in the record, to his daughter, the plaintiff in this action, in consideration of her staying with him and caring for him; but he reserved a life estate to himself. Klias was not represented by counsel when he signed the deed, and he understood that he could treat the land as he pleased during his lifetime.

The land in question is primarily timber land. It consists of approximately 250 acres, 75 of which are cultivatable and the rest are in woodland. Seven acres have been planted in bahia grass and red top clover. The only commercial use of the land has been the sale of poles for the past ten years, although cows and hogs are allowed to run through the entire tract in the fall.

The defendant, who lives on the described tract, owned a tract of land consisting of approximately 700 acres, from which the plaintiff's estate was created. Every four years, for the period of about ten years, the defendant had contracted with N. W. Green, a local timber man, to cut poles from the land. Mr. Green testified that he cut the trees to about 8 to 10 inches in diameter, and he classified a little pole as about 35 feet tall.

In October, 1958, with the knowledge of the plaintiff, Klias

sold to Green all pine timber, growing on the 700-acre tract, which was suitable for poles, pulp, and sawmill logs. Green was given the right to judge what timber should be cut. The record discloses the prices specified for the poles and pulpwood. Under the 1958 contract, Green culled the entire 700-acre tract, including the tract in question, and the plaintiff participated in the profits from this operation.

The plaintiff lived with Klias for some time after the execution of the deed, and she planted four hundred pounds of bahia grass seed and one hundred and seventy-five pounds of red-top-clover seed on seven acres of the tract. Relations between Klias and his daughter then deteriorated to the point that Klias brought a dispossessory warrant requiring the plaintiff to move away. Klias made the statement to the plaintiff that he "was going in there and have every God damn thing cut that pulpwood would take—was going to clean it up," and that he was going to destroy the pasture that she had planted.

The evidence was in conflict as to the requirements of judicious forestry practice and whether a permanent pasture had been established.

A restraining order was issued, enjoining the defendant from cutting or removing timber from the land in question or from having the timber cut and removed and from destroying the permanent pasture. After hearing the evidence, the trial court granted an interlocutory injunction, enjoining the defendant from cutting merchantable timber and timber products. This interlocutory injunction did not extend to the destruction of the pasture. To this judgment of the trial court the defendant excepted.