## DUN & COMPANY *v.* WEINTRAUB.

1. To publish of a merchant that he has given a mortgage upon his stock of goods, though the same does not appear of record, is not actionable without allegations of special damage.
2. To publish of a merchant that he has not "succeeded in obtaining the implicit confidence of local people," and that, "he is looked upon locally as an itinerant trader of small financial responsibility, and uncertain prospects," is, if false, libelous per se.
3. Any disparaging words spoken or written of a merchant, which are false and productive of special damage flowing naturally and immediately therefrom, will support an action.

Argued June 21,—Decided July 13, 1900.

Action of libel. Before Judge Brinson. Richmond superior court. September 30, 1899.

*Irvin Alexander* and *E. H. Callaway*, for plaintiffs in error.
*Russell & Rosenfield* and *E. B. Baxter*, contra.

COBB, J. Weintraub sued Dun & Company. The petition alleged that the plaintiff was a merchant, and that the defendants carried on the business of a commercial agency, which undertook to give ratings of all persons engaged in trade, and also give such other information as would be desired by one to whom application had been made for credit by a trader. On February 2, 1898, the defendants published and circulated

among their patrons a writing in reference to plaintiff, which, among others, contained the following statements: "His stock and bills receivable amount to $1,975; owes for merchandise, $150; closed by notes, $200; insurance on stock, $1,000. Said to have a capital of $1,200, of which $200 is said to be borrowed. The capital is represented almost entirely by stock of goods on hand. Those in a position to learn state that he has given a mortgage to secure the $200 liability, though same does not appear of record." Though he "has paid his debts since he has been here, he does not seem to have succeeded in obtaining the implicit confidence of local people, however. He is looked upon locally as an itinerant trader of small financial responsibility, and uncertain prospects." It is alleged that the statement that he had given a mortgage to secure the $200 liability was false and malicious. It is further alleged that the purport of the statement in reference to the mortgage and the intention of the defendants in making the statement was to charge that the plaintiff was embarrassed and compelled to give a mortgage to secure his creditor, and was colluding with him to keep the same from record in order that the goods of others might be brought in and made subject to the mortgage whenever the mortgagee should see proper to record the same, and that the language in effect charged the plaintiff with being a common cheat and swindler. It was also alleged that the language in reference to plaintiff not having obtained the implicit confidence of local people, and as to how he was looked upon by local people, was false and malicious, and that the purport and intended effect of the language was that he was not entitled to the confidence of persons from whom he might seek to buy; it being a well-established principle of trade that without local confidence credit was not easily obtainable in other places; the effect of the language being to charge that from want of business ability or lack of honesty he had failed to obtain the confidence of the business community in which he lived. It was further alleged that, after the publication of the statements above referred to, the plaintiff's credit was destroyed; and numerous items of special damage alleged to have resulted from the publication of the statements were set forth in the petition and amendment. To this petition the defendants filed demurrers, both general

and special.    The court sustained some of the special demurrers in so far as they related to designated paragraphs of the petition.    The other special demurrers and the general demurrer were overruled, and the defendants excepted.

1. To write of a merchant that he has given a mortgage on his stock is not libelous per se.    Newbold *v.* Bradstreet, 57 Md. 58 ; Dun *v.* Maier, 82 Fed. Rep. 169.    Nor is it libelous per se to publish of a merchant that a judgment has been recovered against him.    Woodruff *v.* Bradstreet, 22 N. E. (N. Y.) 354. The statements made in the financial report which is the subject of the plaintiff's complaint, so far as they relate to the mortgage which he is said to have given, contain nothing which is discreditable to him either as an individual or as a merchant. For a merchant to secure his creditor by mortgage upon his stock is neither discreditable nor dishonest, and there is nothing in such an act which is calculated to hold the merchant up to public ridicule or contempt.    It might be otherwise if the charge had been that the plaintiff had made a fictitious mortgage, or that he had executed a mortgage to a bona fide creditor and had colluded with him to withhold the same from record, in order that the goods of others might be fraudulently brought under the lien of the mortgage; or if it had been stated that he had given a mortgage for the purpose of giving a preference in violation of the bankrupt law.    To execute a mortgage which was founded upon no consideration, with the understanding that the same was to be used by one to whom the person purporting to be the mortgagor owed nothing, would, if used to the detriment of creditors or others, amount to a gross fraud.    Withholding from record a mortgage taken in good faith, for the purpose of misleading those to whom the debtor will apply for credit, is a badge of fraud.    Under the bankrupt act of 1898, the transfer by a debtor, while insolvent, of any portion of his property, to one or more of his creditors, with the intent to prefer such creditors to other creditors, would be an act of bankruptcy.    Foster's Code Bankruptcy Law and Practice, § 72. But even if charging any of these acts would make the publication a libel, there is nothing in the language used in the present case which would justify an inference that it was the purpose of the defendants to charge any of these acts.

2. Was the statement, that the plaintiff did not seem to have succeeded "in obtaining the implicit confidence of local people," and that he was "looked upon locally as an itinerant trader of small financial responsibility, and uncertain prospects," libelous per se? Whether it would be libelous to say of a merchant that he is an itinerant trader we will not stop to inquire, as under the view we take of the present case it is unnecessary to decide this question. To say of a merchant that he has not succeeded in obtaining the implicit confidence of his neighbors, · coupled with the statement that he is a man of small means and of uncertain prospects, would be, to say the least of it, placing the individual thus spoken of in a position which is neither enviable nor desirable, and would be calculated to injure him in the estimation of the business men of other communities with whom he might be compelled to come in contact. The words imply that he has made an effort to secure the confidence of his neighbors and for some reason has failed to attain this end, and that on this account, coupled with the fact he is a man of small means, his future success is doubtful. Such statements in reference to a merchant could have but one effect upon his business, and that is to seriously injure, if not destroy, his credit in those markets where the character thus given to him precedes his applications for credit. Such statements in reference to a merchant, when false, are libelous per se, as we understand the law. The code declares that charges made of another in reference to his trade, office, or profession, calculated to injure him therein, are slanderous without proof of special damage. Civil Code, § 3837. And, as said by the present Chief Justice in *Hardy* v. *Williamson*, 86 *Ga.* 557, " If this be true as to mere slander, much more is it true as to written defamation." See also *Brown* v. *Holton*, 109 *Ga.* 431 ; 13 Am. & Eng. Enc. L. (1st ed.) 314 ; Newell, Slan. & Lib. (2d ed.) 74, 193 ; Odgers, Lib. & Slan. *77 ; Price *v.* Conway, 134 Pa. St. 340.

3. It is alleged that, by reason of the publication of the statements above referred to, plaintiff has sustained special damage, the items thereof being set forth in the petition. If the publication in reference to the giving of the mortgage was, as was alleged, false and malicious, and special damage resulted therefrom, the plaintiff is entitled to recover the items of special

damage, though the language be not libelous per se.  This is also true of any other statement set out in the petition, if it was falsely and maliciously made.  If the plaintiff has sustained special damage by reason of the publication of the statements referred to in the second division of this opinion, he is entitled to recover for such damage in addition to the general damages he may recover by reason of the publication.  See, in this connection, Odgers, Lib. & Slan. *289, *309; Newell, Slan. & Lib. 849, §17.  In reference to special damages, the author last cited lays down the following rules:  (1) They must be "actual and substantial; (2) they must actually have accrued at the time of the commencement of the suit; (3) and must be the imme- diate consequence of the defamatory words."  P. 851, §19.  See also 13 Am. & Eng. Enc. L. (1st ed.) 436.

*Judgment affirmed.  All the Justices concurring.*