15556.    WILLIAMS *v.* EQUITABLE CREDIT COMPANY INCORPORATED.

STEPHENS, J.   1. Words that do not in themselves unequivocally convey a charge which may become libelous when falsely and maliciously published may nevertheless convey such a charge when the words are capable of being so understood and are so understood by the person to whom they are uttered. Words apparently innocent may convey such a charge when they are considered in connection with the innuendo and the circumstances surrounding their publication.

2. A written telegraphic message deposited with a telegraph company, which is directed to a chief of police and charges that "C. A. Williams care Colonel Bussell has removed mortgaged Ford touring car motor number seven seven six two two five five out of Bacon County without paying us stop please hold car. Equitable Credit Company Inc 314 P," by reason of the fact that it was directed to a police officer and charged that C. A. Williams had removed mortgaged property out of Bacon county without paying the author of the telegram therefor, by innuendo charged the commission of the crime of wrongfully disposing of mortgaged property.

3. In a counterclaim by C. A. Williams when sued by the author of the telegram, the Equitable Credit Company Inc., wherein it was alleged that such charge was published of and concerning him by the author by depositing the same as a written message with the telegraph company, which transmitted the contents of the message to the chief of police of Waycross, Ga., to whom it was directed, thus publishing the charge to the employees of the telegraph company and to the chief of police of Waycross, Ga., who read the same, which charge was false and was uttered by its author wilfully and maliciously and for the purpose of injuring the character of C. A. Williams and exposing him to hatred and contempt, a cause of action in favor of C. A. Williams for libel was set out against the author of the telegram, and such communication was not privileged. Civil Code (1910), § 4433, 4436, 4437; *Holmes* v. *Clisby,* 121 *Ga.* 241 (48 S. E. 934, 104 Am. St. Rep. 103). Such a charge, importing a crime, was actionable per se.

4. In a suit by the Equitable Credit Company Inc. against C. A. Williams, to foreclose a conditional-sale agreement covering the automobile purchased by the defendant from the plaintiff, a plea filed by the defendant, which alleged, by way of set-off or counterclaim, a libel on the defendant by the plaintiff by reason of the facts indicated above, and which alleged that the plaintiff was a nonresident of the State, set out a

cause of action for libel in favor of the defendant against the plaintiff, and was maintainable in the suit by way of set-off or counterclaim. Such plea was improperly stricken on demurrer. *Giles* v. *Bank of Southwestern Georgia*, 102 *Ga.* 702 (29 S. E. 600).

5. An admission by the defendant that the facts alleged in the telegram were true, without an admission that he committed a crime as charged by innuendo in the telegram, does not amount to an admission by him of the truth of the charge.

    *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

    DECIDED FEBRUARY 12, 1925.

Affidavit of illegality; from Bacon superior court—Judge Summerall. January 25, 1924.

Application for certiorari was denied by the Supreme Court.

*E. H. Williams,* for plaintiff in error.

*Herbert W. Wilson, Wilson & Bennett,* contra.