### 20844.  GEORGE *v.* GEORGIA POWER COMPANY *et al.*

BELL, J.  1.  Under the rulings of this court in *Central of Georgia Ry. Co. v. Jones,* 18 Ga. App. 414 (89 S. E. 429), a letter written and mailed by one agent of a corporation within the scope of his employment to another agent of the same corporation does not amount to a publication so as to constitute a libel as against the corporation.  This rule is not in conflict with the decision in *Sheftall v. Central of Georgia Ry. Co.,* 123 Ga. 589 (51 S. E. 646), in which the defendant pleaded merely that the writing was *privileged,* and raised no question as to its *publication.*  The authorities do not appear to be in accord upon this question, but this court will adhere to its former ruling.  See, in this connection, *Owen v. Ogilvie Pub. Co.,* 32 App. Div. 465 (53 N. Y. Supp. 1033); *Prins v. Holland-North American Mortgage Co.,* 107 Wash. 206 (181 Pac. 680, 5 A. L. R. 451); *Cartwright-Caps Co. v. Fischel,* 113 Miss. 359 (74 So.

278, L. R. A. 1918F, 566); Globe Furniture Co. v. Wright, 49 App. D. C. 315 (265 Fed. 873, 18 A. L. R. 772); Bohlinger v. Germania Life Ins. Co., 100 Ark. 477 (140 S. W. 257, 36 L. R. A. (N. S.) 449, Ann. Cas. 1913C, 613); Gambrill v. Schooley, 93 Md. 48 (48 Atl. 730, 52 L. R. A. 87, 86 Am. St. R. 414); 36 C. J. 1225.

2. But the rule which would prevent the sending and receipt of the letter from being considered as a publication as to the corporation would not apply so as to protect the agents from liability as individuals, where it is shown that they conspired together, the one to write and the other to receive the letter, for the purpose of injuring a third person by false and malicious statements therein contained. *Holmes* v. *Clisby*, 121 *Ga.* 241 (2) (48 S. E. 934, 104 Am. St. R. 103); *Southern Railway Co.* v. *Rowe*, 2 *Ga. App.* 557 (5) (59 S. E. 462); *Finley* v. *Southern Railway Co.*, 5 *Ga. App.* 722 (3, 4) (64 S. E. 312).

3. A defamation of another "in reference to his trade, office or profession, calculated to injure him therein," will constitute an actionable libel as to which it is unnecessary to allege or prove special damage in order to recover, whether the utterance be oral or reduced to writing. Civil Code (1910), § 4433; *Brown* v. *McCann*, 36 *Ga. App.* 812 (138 S. E. 247); *Gershon* v. *Mendel*, 37 *Ga. App.* 650 (2) (141 S. E. 328); *Dun* v. *Weintraub*, 111 *Ga.* 416 (2), 419 (36 S. E. 808, 50 L. R. A. 670).

4. Where in a suit for libel it appeared from the allegations that the plaintiff had adopted as his trade or calling the business of selling and distributing electrical appliances, and was at the time employed as salesman for a company engaged in this business, a letter passing between other persons and containing wilfully false statements with respect to his efficiency and attentiveness as an employee in such capacity, in (1) that he was habitually too late in reporting for work in the morning, (2) that he stayed in the store too much in disregard of outside duties, and (3) that he was slovenly and did not keep his office "clean and well displayed," should, as against general demurrer, be treated as a libel upon the plaintiff, as a charge in reference to his trade, office, or profession, calculated to injure him therein; and in such a case the petition would not be fatally defective as failing to set forth a cause of action, merely because it contained no allegations of special damage. *Holmes* v. *Clisby*, 118 *Ga.* 820 (45 S. E. 684); s. c. 121 *Ga.* 241 (4) (supra); *Behre* v. *National Cash Register Co.*, 100 *Ga.* 213 (2) (27 S. E. 986, 62 Am. St. R. 320); *Weatherholt* v. *Howard*, 143 *Ga.* 41 (3, 4) (84 S. E. 119); *Williams* v. *Equitable Credit Co.*, 33 *Ga. App.* 441 (126 S. E. 855); *Stein* v. *Lazarus*, 33 *Ga. App.* 791 (2) (128 S. E. 696); Denney v. Northwestern Credit Asso., 55 Wash. 331 (104 Pac. 769, 25 L. R. A. (N. S.) 1021). The present case is distinguished from *Walters* v. *Retail Clerks Union*, 120 *Ga.* 424 (47 S. E. 911), in which the publication, in stating the facts and reasons why the plaintiffs were placed on the "unfair list," cast no imputation upon their character as individuals, or upon their solvency or standing as merchants.

5. A demurrer filed jointly by several defendants and attacking a petition as failing to show a cause of action should be overruled if the petition states a cause of action as to any defendant. *May* v. *Jones*, 88 *Ga.* 308 (4) (14 S. E. 552, 15 L. R. A. 637, 30 Am. St. R. 154); *Howard* v. *Edwards*, 89 *Ga.* 367 (2) (15 S. E. 481); *Carson* v. *Fears*, 91 *Ga.* 482

(3) (17 S. E. 342). In the instant case the petition set forth a cause of action as against the individual defendants, and for this reason it was error to sustain the joint demurrer and dismiss the petition as to all defendants. It is directed, however, that the court below sustain the demurrer and dismiss the case, as to the corporation.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 20, 1931.

*E. H. George,* for plaintiff.
*Erwin, Erwin & Nix, Foster & Lewis,* for defendants.