27043. RUSSELL *v.* DAILEY'S INC. *et al.*

DECIDED NOVEMBER 7, 1938.

*Maddox & Griffin,* for plaintiff.
*Maddox, Matthews & Owens,* for defendants.

STEPHENS, P. J. 1. A corporation is not liable for slanderous and defamatory utterances by one of its agents, where not ordered and directed or authorized by it, even though spoken by such agent within the scope of his duties and for the benefit of the corporation. *Behre* v. *National Cash Register Co.,* 100 *Ga.* 213 (27 S. E. 986) ; *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (55 S. E. 37) ; *Ivins* v. *L. & N. R. Co.,* 37 *Ga. App.* 684 (141 S. E. 423) ; *Jackson* v. *Atlantic &c. R. Co.,* 8 *Ga. App.* 495 (69 S. E. 919).

2. Forgery is a criminal offense. Code, § 26-3901. To charge a person, in the presence of others, with committing a forgery is actionable per se. Code, § 105-702; Odgers on Libel & Slander (5th ed.), 2, 41, 48; *Lewis* v. *Hudson,* 44 *Ga.* 568; *Williams* v. *Equitable Credit Co.,* 33 *Ga. App.* 441 (2) (126 S. E. 855). This is true although it is not stated to what instrument the name was forged. Odgers, supra. A plaintiff need not describe the offense imputed to her with the technical nicety required in indictments. *Giddens* v. *Mirk,* 4 *Ga.* 364, 373. It is sufficient if the language used is understood by others as charging a crime. *Lewis* v. *Hudson,* supra.

3. It follows that where an action for slander was brought

against a corporation and its manager jointly, in which the plaintiff charged that the alleged slanderous words were spoken by the manager in the scope of his employment and for the benefit of the corporation, and alleged that the corporation was a credit clothing corporation, that the plaintiff paid the corporation $3. down on a coat to be delivered, but that the coat was not delivered, that the plaintiff went to the corporation's store and the manager, in the presence of others, stated to the plaintiff's companion, "We thank you for bringing this girl [meaning plaintiff] in here; she has tried to be smart," and also stated of plaintiff, in the presence of others, that she did not sign the paper, that she had forged the name, meaning that plaintiff had forged a name to some instrument, and that plaintiff had purchased a dress from the store eight years before and still owed $5 on it, and that he was going to keep the $3 paid by her as payment on that dress, that the effect of the utterances of the manager was to charge plaintiff with a criminal offense and with being dishonest, the petition did not set out a cause of action against the defendant corporation, but was good as against a general demurrer as against the manager. Therefore the judgment dismissing the action on demurrer was error in so far as the defendant Newton was concerned, and proper in so far as the defendant Dailey's Inc. was concerned.

*Judgment affirmed in part and reversed in part. Sutton and Felton, JJ., concur.*