31474. BRADEN *v.* BAUGHAM *et al.*

DECIDED FEBRUARY 20, 1947.

*James Maddox,* for plaintiff.

*Robert M. Wood, Lanham, Parker & Clary,* for defendants.

GARDNER, J. ■ We will inquire first as to, whether the petition set out a cause of action against the defendant company. The defendant company is not liable under any construction of the words used. This is true because before the defendant company could be held liable, even if the words spoken were slanderous per se, it must affirmatively appear from the allegations of the petition that the defendant Baugham was expressly directed or authorized by the defendant company to speak the words of which complaint is made. There is no such allegation in the petition. *Cochran* v. *Sears, Roebuck & Company,* 72 *Ga. App.* 458 (34 S. E. 2d, 296); *Sinclair Refining Co.* v. *Meek,* 62 *Ga. App.* 850 (10 S. E. 2d, 76); *Russell* v. *Dailey's Inc.,* 58 *Ga. App.* 641 (199 S. E. 665); *Headley* v. *Maxwell Motor Sales Corp.,* 25 *Ga. App.* 26 (102 S. E. 374); *Jackson* v. *Atlantic Coast Line R. Co.,* 8 *Ga. App.* 495 (69 S. E. 919).

The court did not err in dismissing the petition as against the defendant company.

■ Next we will inquire whether the allegations of the petition allege a cause of action against the defendant Baugham. It clearly appears from the allegations of the petition that the words alleged

804

to have been used did not per se charge the plaintiff with the commission of a crime. Code, § 105-702 defines slander or oral defamation. Under this section there are four instances in which a cause of action may be maintained: (1) Where the words impute a crime per se punishable by law; (2) Where one is charged with having some contagious disorder or being guilty of some debasing act which may exclude from society; (3) Charges made against another in reference to his trade, office or profession calculated to injure him therein; (4) Using disparaging words productive of special damage flowing naturally therefrom.

The Code section further provides that in the first three instances damage is inferred. But in the fourth special damage is essential to support the action. As we construe the petition, it is sought to ground the action on the fourth provision of the Code section above referred to. Therefore, the petition must fall because no special damage is alleged. See, in this connection, *Whitley* v. *Newman*, 9 *Ga. App.* 89 (7) (70 S. E. 686); *Morris* v. *Evans*, 22 *Ga. App.* 11 (95 S. E. 385); *Hardeman* v. *Sinclair Refining Co.*, 41 *Ga. App.* 315 (152 S. E. 854). In the case of *Christian* v. *Ransom*, 52 *Ga. App.* 218 (183 S. E. 89), the court said: "As the alleged defamatory words did not charge the commission of a crime and were not for any other reason slanderous per se, and as no special damage was alleged, a cause of action was not set forth." In the body of the opinion of that case will be found an elaborate discussion of the law applicable to the question under consideration in the instant case.

Counsel for the plaintiff in his brief call our attention to the cases of *Williams* v. *Equitable Credit Co.*, 33 *Ga. App.* 441 (126 S. E. 855), and *Holmes* v. *Clisby*, 118 *Ga.* 820 (45 S. E. 684). The principles of law applicable to these two cases are not applicable to the case at bar. Both of those cases deal with actions for libel. Actions for libel are dealt with under Code, § 105-701. Actions for slander are covered by the Code, § 105-702. The court did not err in sustaining the demurrer of the defendant Baugham and dismissing the petition as to him also.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*