36524, 36525. BLACKSTOCK *v.* FISHER (two cases).

DECIDED FEBRUARY 12, 1957.

*Charles W. Anderson, Oze R. Horton,* for plaintiff in error.
*Walter P. McCurdy, Hubert C. Morgan,* contra.

CARLISLE, J. ■ Under an application of the principle of law stated in headnote 1, the assignment of error upon the judgment of September 25, 1956, in which time was allowed for amendment, is not subject to exception or review.

■ "Slander, or oral defamation, consists, first, in imputing to another a crime punishable by law; or, second, charging him with having some contagious disorder, or being guilty of some debasing act which may exclude him from society; or, third, in charges made against another in reference to his trade, office, or profession, calculated to injure him therein; or, fourth, any disparaging words productive of special damage flowing naturally therefrom. In the last case, the special damage is essential to support the action; in the first three, damage is inferred." Code § 105-702.

This section did not arise from a legislative act, but is a codification of the common law. *Spence* v. *Johnson*, 142 *Ga.* 267, 271 (82 S. E. 646, Ann. Cas. 1916A 1195). Prior to this codification of the law of slander, our Supreme Court had ruled: "It is impossible for a man to slander in one sense, and defend in another. To cover vituperation under irony, untechnical hints, covert insinuations, or any form of words, which skillfully avoiding a legal definition of crime, yet communicates the poison of slander." *Giddens* v. *Mirk*, 4 *Ga.* 364, 373. In *Little* v. *Barlow*, 26 *Ga.* 423, 424 (71 Am. D. 219), we find the Supreme Court saying: "The old rule, that words spoken in disparagement of the character of a person, which are susceptible of two constructions, are to be understood in their milder sense is exploded. They are now to be interpreted in the sense that a person of ordinary capacity who heard them spoken would understand them."

With reference to slang and provincial terms, the following rule is announced in 53 C. J. S. 50, § 10: "An actionable imputation may be made by the use of cant or slang words or provincialisms which, according to their ordinary meaning are not defamatory." And this rule was applied in Georgia as early as 1833 in the case of *Cooper* v. *Perry*, 1 *Dudley* 247, even prior to the establishment of our Supreme Court.

"It is, of course, the rule that if the words are clearly not defamatory, they cannot have their meaning enlarged by innuendo. *Jones* v. *Poole*, 62 *Ga. App.* 309 (8 S. E. 2d 532); *Central of*

*Georgia Ry. Co.* v. *Sheftall,* 118 *Ga.* 865 (45 S. E. 687); *Aiken* v. *Constitution Publishing Co.,* 72 *Ga. App.* 250 (33 S. E. 2d 555). And a petition in an action on such words would be subject to a general demurrer. *Watters & Son* v. *Retail Clerks Union,* 120 *Ga.* 424 (47 S. E. 911). Where, however, the words are ambiguous and capable of being understood in a double sense, the one criminal and the other innocent, the plaintiff may by proper allegation aver the meaning with which he claims that they were published and the jury may find whether they were published with that meaning or not. *Rubenstein* v. *Lee,* 56 *Ga. App.* 49 (192 S. E. 85); *Park & Iverson* v. *Piedmont & Arlington Life Insurance Co.,* 51 *Ga.* 510; *Colvard* v. *Black,* 110 *Ga.* 642 (36 S. E. 80); *Beazley* v. *Reid,* 68 *Ga.* 380; *Michael* v. *Bacon,* 5 *Ga. App.* 332 (63 S. E. 228); *Holmes* v. *Clisby,* 121 *Ga.* 241 (48 S. E. 934, 104 Am. St. R. 103.)" *Southeastern Newspapers* v. *Walker,* 76 *Ga. App.* 57, 60 (44 S. E. 2d 697).

In one of his two petitions, the plaintiff charges that the defendant slandered him by the following utterance: "You owe me money for newspapers and you have snaked on me." By way of innuendo, it is further alleged in substance that the defendant intended, by implication, to accuse and to charge the plaintiff with being a thief, intending others to so understand him and that those present at the time did so understand him; and, that this accusation was wholly false and untrue.

In the other petition, the plaintiff alleges in substance that the defendant slandered him by the following utterance: "You owe me money for some papers that you got and snaked on me about them." By way of innuendo, it is further alleged in substance that the defendant intended, by implication, to charge that the plaintiff had purloined or stolen the newspapers which he had obtained from the defendant, owed for them, did not intend to pay for them, and was guilty of the crime of cheating and swindling; and, that the meaning of the word "snaked" was so understood by those present at the time and place that the defendant made the accusation; and that the accusation was wholly false and untrue. In both of the petitions, it is alleged that these accusations were calculated to injure the plaintiff as a street-sales vendor of newspapers.

Counsel for the defendant in his briefs in this court contends that the verb "to snake" is clear and unambiguous, does not impute a crime and cannot be enlarged upon by innuendo, as Webster's Dictionary defines this verb thus: "To wind one's way in the manner of a snake; to move sinuously; to drag or draw forcibly or at length as a log; also, to skid (logs) ; to crawl or move like a snake sinuously." Counsel for the defendant does not indicate in which edition of Webster's Dictionary this limited definition of the verb appears, but in Webster's New International Dictionary of the English language (2d edition, unabridged, 1955), p. 2378, our research reveals that this verb is also defined thus: "To take slyly; to steal, filch," when used in dialect.

Under the foregoing authorities and the allegations of the petitions, we can but conclude that the accusations made by the defendant against the plaintiff in the presence of third persons were ambiguous, and that it was a question of fact for the determination of a jury whether or not the auditors of the utterances understood the defendant to charge the plaintiff with crimes. The trial court, consequently, erred in sustaining the general demurrers to the petitions and in dismissing the actions.

*Judgments reversed. Gardner, P. J., and Townsend, J., concur.*