## 50398. SOUTHLAND CORPORATION v. GARREN.

PANNELL, Presiding Judge.

Christine Garren brought a complaint against The Southland Corporation, operators of 7-Eleven Food Stores, the petition being in two counts. Count 1 alleged that on or about January 31, 1973, the defendant corporation, by and through its duly authorized agent or employee, did falsely and maliciously in the presence and hearing of other persons say of and concerning plaintiff that said plaintiff was "fired for shortages." She further alleged that these words imputed the crime of stealing and caused others to believe that plaintiff was guilty of the crime of stealing. She denied she was guilty of such crime, alleging she had never stolen any merchandise or money or committed any wrong against defendants while she was employed by defendant. In Count 2 of the complaint plaintiff alleged that defendant caused its agent or employees to prepare a record on said plaintiff, which record indicated in writing that plaintiff was "discharged because of shortages." She further alleged the defendant published such defamatory record by communicating the said defamatory statements orally to another person. She further charged in this count that the writings and statements impute the crime of theft, which charge she alleged is wholly unfounded and exposed plaintiff to contempt, ridicule, etc., by imputing the crime of theft to her. Upon the trial of the case the evidence disclosed (as to Count 1) that a co-employee in the same store with the plaintiff made a statement as alleged in Count 1 of the complaint. The trial judge entered an order dismissing Count 1 of the complaint. The evidence as to

Count 2 disclosed that the defendant had caused to be made a personnel record of the plaintiff showing that she was "discharged for shortages." What the shortages were or how they occurred were not disclosed on the personnel record. The plaintiff applied for employment with a third person and this person called the office of the defendant and a newly employed stenographer, or clerk, upon his inquiry as to the cause of the firing of the complainant, purportedly orally stated over the telephone the language of the writing in the personnel file (identifying the language as being in said file), that she was "discharged for shortages." The evidence disclosed that only a supervisor was authorized to disclose the information contained in a personnel record.

At the conclusion of the evidence the defendant's motion for a directed verdict was overruled and a judgment rendered in favor of the plaintiff in the amount of $5,000. Defendant's motion for a judgment notwithstanding the verdict, and in the alternative a new trial was overruled and the defendant appealed to this court. *Held:*

1. The proof on the second count does not show a libel, as the information given to the inquirer was orally given, that the plaintiff was "discharged for shortages." See *Allen v. American Indemnity Co.,* 63 Ga. App. 895 (1) (12 SE2d 127). So we are here concerned with the question of slander by a corporation.

2. "Slander, or oral defamation, consists, first, in imputing to another a crime punishable by law; or, second, charging him with having some contagious disorder, or being guilty of some debasing act which may exclude him from society; or, third, in charges made against another in reference to his trade, office, or profession, calculated to injure him therein; or, fourth, any disparaging words productive of special damage flowing naturally therefrom. In the last case, the special damage is essential to support the action; in the first three, damage is inferred." Code § 105-702.

(a) There was no evidence of special damage in this case. The charge here does not, as a matter of law, impute a crime punishable by law. See *Whitley v. Newman,* 9 Ga. App. 89 (3) (70 SE 686), where a charge that one is "short"

in his accounts is not necessarily a charge of a crime. See also *Jones v. Bush,* 131 Ga. 421 (1) (62 SE 279). Whether or not the words spoken are actionable depends upon the meaning attributable to the words by innuendo and that which is understood by the one who hears them. *Blackstock v. Fischer,* 95 Ga. App. 117 (97 SE2d 322).

(b) A slanderous charge is actionable per se, whether the words directly or indirectly, by intimation or innuendo, contain slander. The slanderous charge is just as effectively harmful, and therefore actionable per se, that is, without proof of special damages, whether the harmful effect results from words which directly and unequivocally make a charge or whether it results from words which do so indirectly or by inference. It is the harmful effect of defamatory language as it is understood which renders it actionable per se, and not its directness or unequivocal nature. *Brandon v. Arkansas Fuel-Oil Co.,* 64 Ga. App. 139, 146 (12 SE2d 414). Ordinarily such a situation presents a question for the jury to decide. *Kaplan v. Edmondson,* 68 Ga. App. 151, 154 (22 SE2d 343).

(c) If the words spoken are ambiguous and are not understood by the one hearing them or intended, as imputing a crime; or charging plaintiff with having some contagious disorder or being guilty of some debasing act, which may exclude her from society; or charges made against plaintiff in reference to her trade, office or profession, calculated to injure her therein, there can be no recovery unless special damages are shown. Code § 105-702; *Blackstock v. Fischer,* 95 Ga. App. 117, supra.

The party to whom the words were spoken, in the present case, testified: "Q. What is the usual meaning and understanding of this expression which you have, discharged due to shortages? A. Well, it means to me — I have previously been a salesman which was affiliated with the Southland Corporation of stores; to me, it meant a number of things. *It didn't necessarily* mean stealing money; it meant that it could be *shortages of inventory or a number of things.* It didn't *necessarily mean to me that (she) was dishonest* . . . Q. Well, my question was, what the usual meaning and understanding of the expression was. Taking the term, discharged for shortages, if you had

checked out an employee applying for a job in your place of business, and a reference was that this employee was previously discharged for shortages, what would this conjure in your mind? A. *In some form of dishonesty or some form* of somebody is slack on the job and let somebody steal something or take something out that was not accounted for."

A jury could have found from this testimony that the words spoken imputed the defendant was dishonest to the one who heard them and were so understood by him, but the fact that one is dishonest does not necessarily impute a crime, nor do the words, in our opinion, carry the imputation that the plaintiff was guilty of some debasing act, which may exclude her from society (See, *Morris v. Evans,* 22 Ga. App. 11, 12 (95 SE 385); *Ivester v. Coe,* 33 Ga. App. 620 (127 SE 790)). However, since the words published were in reference to the plaintiff's trade, that is her clerking in a store, it was unnecessary to allege or prove special damage in order to recover. See *George v. Ga. Power Co.,* 43 Ga. App. 596, 597 (159 SE 756).

3. While jury questions were presented as to the above matters, the evidence failed to disclose that the oral publication of the alleged defamatory words were spoken by one either directed or authorized to do so by the defendant corporation. See *Russell v. Dailey's Inc.,* 58 Ga. App. 641 (199 SE 665); *Sinclair Refining Co. v. Meek,* 62 Ga. App. 850 (1) (10 SE2d 76); *Cochran v. Sears, Roebuck & Co.,* 72 Ga. App. 458 (1) (34 SE2d 296); *Braden v. Baugham,* 74 Ga. App. 802 (1) (41 SE2d 581); *Woolf v. Colonial Stores, Inc.,* 76 Ga. App. 565 (46 SE2d 620).

The trial judge erred in refusing to direct a verdict for the defendant and in refusing to enter a judgment notwithstanding the verdict.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED MARCH 11, 1975 — DECIDED MAY 28, 1975 — REHEARING DENIED JUNE 12, 1975 —

Bouhan, Williams & Levy, James M. Thomas, for appellant.

Pierce, Ranitz, Berry, Mahoney & Forbes, C. James

*McCallar, Jr.,* for appellee.