## 31210. GARREN v. SOUTHLAND CORPORATION.

HILL, Justice.

This case is before us on certiorari to the Court of Appeals. 138 Ga. App. 246 (225 SE2d 920) (1976). It is the second appearance on certiorari before this court (see 235 Ga. 784 (221 SE2d 571) (1976)).

Briefly, the facts are that plaintiff was formerly employed at one of defendant's 7-11 stores. Following her discharge, she sought other employment. A prospective employer called the defendant's office by telephone and inquired as to the reason for plaintiff's discharge. A secretary said that all she could do was pull plaintiff's personnel file, which she did, and advised plaintiff's prospective employer that plaintiff "was discharged for shortages."

At trial, the evidence showed that the plaintiff's personnel record bearing the notation "discharged-shortages" was made in the regular course of defendant's business, that the contents of a former employee's personnel records were not generally made available to third persons unless there was a supervisor on duty, and that when the telephone call in question came in, the supervisors were not in the office. The jury returned a verdict in favor of plaintiff and the trial judge overruled the defendant's motions for judgment notwithstanding the verdict and for new trial.

In the first appearance before the Court of Appeals (135 Ga. App. 77 (217 SE2d 347) (1975)), the court held that an oral publication of a written defamation constitutes slander, not libel, and that plaintiff's evidence failed to show that the slander was published by one directed or authorized by the defendant corporation to speak the defamatory words.

Certiorari was granted on this issue of first impression in Georgia. We reversed, holding in accord with other jurisdictions that the oral publication of a written defamation constitutes libel. 235 Ga. 784 (221 SE2d 571) (1976). Having treated the case as involving libel rather than slander, we did not consider the Court of Appeals' ruling as to the defendant corporation's authorization to publish slander.

On remand (138 Ga. App. 246 (225 SE2d 920) (1976)), the Court of Appeals adhered to its earlier position, based upon many of the same authorities, and held (in Division 3 of its opinion) that plaintiff's evidence failed to show that the libel was published by one directed or authorized to do so by the defendant corporation.

The rule has been, as noted by the Court of Appeals, that as regards slander a corporation is not liable for damages resulting from the speaking of defamatory words by one of its agents, even where the speaker in uttering such words was acting within the scope of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the very words in question. *Behre v. National Cash Register Co.,* 100 Ga. 213 (1) (27 SE 986) (1896). Georgia follows the minority rule in this regard. 50 AmJur2d 852, Libel and Slander, § 329; Anno. 150 ALR 1338, 1341.

That is to say, as regards slander, a corporation is not liable for the slanderous utterances of an agent acting within the scope of his employment, unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff. See *Russell v. Dailey's, Inc.,* 58 Ga. App. 641 (199 SE 665) (1938). Although this may be the best rule as to slander, this is a libel case and no case had been cited and none has been found applying a corollary rule in cases of libel.[1]

On the contrary, the usual rules of respondeat superior (the principal is liable for the torts of his employee committed while acting within the scope of his employment) are applicable in libel cases. See Division 2 of *Behre v. National Cash Register Co.,* supra.

In *Howe Machine Co. v. Souder,* 58 Ga. 64 (5) (1877), the court held that a corporation is liable for a libelous publication caused to be published by an agent acting within the scope of his authority. In *Howe,* there was no requirement that the agent be expressly authorized or directed to publish the libel.

The difference between the application of the doctrine of respondeat superior in cases of slander and

---

[1] *Rivers v. Mathews,* 96 Ga. App. 546 (100 SE2d 637) (1957), was decided as a slander case.

cases of libel was noted in *Ozborn v. Woolworth,* 106 Ga. 459, 460 (32 SE 581) (1898), and repeated in *World Insurance Co. v. Peavy,* 110 Ga. App. 527, 528 (139 SE2d 155) (1964).

In the case before us, the defamatory document was admittedly a business record made in the regular course of the corporate defendant's business; i.e., the preparation of the defamatory document was authorized by the defendant. Here, the question involved is whether the publication of that record was made by an employee acting within the scope of her authority. On this subject, the evidence and reasonable deductions drawn therefrom were as follows: An employee of the defendant employed at an office maintained by the defendant answering the defendant's telephone, gave out personnel information from files to which the employee had access, in response to an inquiry from a prospective employer. The defendant's evidence showed that the contents of a former employee's personnel records were not generally made available to third persons unless there was a supervisor on duty and that when this telephone call came in, the supervisors were not in the office. The evidence does not show whether or not there was a supervisor "on duty" albeit not "in the office."

Based on this evidence and the charge of the court (as to which there was no objection), the jury found in favor of the plaintiff and the trial judge has allowed the verdict to stand. The Court of Appeals has found as a matter of law that no recovery was authorized against the corporate employer. Under the general rule of respondeat superior applicable in cases of libel we find that there was some evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Undercofler, P. J., who dissents.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 8, 1976.

*Pierce, Ranitz, Berry, Mahoney & Forbes, C. James McCaller, Jr., Paul W. Painter, Jr.,* for appellant.

*Bouhan, Williams & Levy, James M. Thomas,* for appellee.